**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASES:<br><br>*Erika Herron v. Smith & Nephew, Inc.*, No. 1:17-cv-3685<br><br>*Steven M. Kitchin v. Smith & Nephew, Inc.*, No. 1:18-cv-2403<br><br>*Keith and Victoria Lawson v. Smith & Nephew, Inc.*, No. 1:18-cv-2888 |

**MEMORANDUM**

Defendant Smith & Nephew moved to dismiss the claims of three[1] BHR-Track plaintiffs (the "unrevised plaintiffs") who have not yet undergone a revision surgery for their hip implants. Def.'s Mot. to Dismiss ("Mot."), ECF 4475.[2] None of the plaintiffs has submitted opposition. For the following reasons, the court will grant Smith & Nephew's motion to dismiss.

[1] Smith & Nephew initially moved to dismiss the claims of four unrevised plaintiffs. Since the motion was filed, one of the unrevised plaintiffs, Suzanne Qualls, has stipulated to the dismissal of her claims without prejudice. *See* ECF 5048. Smith & Nephew's motion is therefore moot as to Ms. Qualls. The remaining unrevised plaintiffs are: Erika Herron (17-cv-3685); Steven Kitchin (18-cv-2403); and Keith Lawson (18-cv-2888).

[2] ECF citations refer to entries on the Master Docket (1:17-md-02775-CCB) unless otherwise noted.

**BACKGROUND**

This multidistrict litigation concerns the Birmingham Hip Resurfacing Device ("BHR"), an artificial hip, developed, designed, manufactured, and sold by Smith & Nephew.[3] The BHR replaces the hip joint with metal components in an effort to restore the patient's hip functionality. The BHR's two components rub against one another during movement of the patient's hip joint, and both are made of cobalt and chromium metal alloys. Friction between the metal components may result in the release of metal debris which can accumulate in a patient's joints and blood stream. That metal debris can cause pain, metallosis, and other serious complications necessitating corrective surgery or revision to a different device.

After these issues became apparent, hundreds of BHR recipients filed suit and their cases were consolidated into this MDL. The plaintiffs' lead counsel filed a Master Amended Consolidated Complaint to represent the plaintiffs' claims, which alleged that Smith & Nephew committed several common law violations by misrepresenting the safety of the BHR device, failing to supply adverse incident reports to the FDA, and manufacturing a defective product. Master Am. Consolidated Compl. ("MACC"), ECF 124. The MACC alleges that the plaintiffs' claims accrued for the purpose of running the statute of limitations at "the recall date in September 2015, or the date of his [or her] revision surgery, whichever is later." MACC ¶ 268.

The unrevised plaintiffs do not allege they have undergone revision surgeries. In their short form complaints, each plaintiff indicated in some way that they had not undergone revision, either by writing "N/A" in the relevant spaces, Herron Compl. ¶¶ 10-11, ECF 489, striking out the relevant paragraphs, Lawson Compl. ¶¶ 11, 16, ECF 1818, or simply leaving those spaces

[3] The court provides only the minimum facts necessary to resolve the pending motion. The court has described the basic facts of this multidistrict ligation in several prior opinions.

blank, Kitchin Compl. ¶¶ 10-11, 15-16, ECF 871; Kitchin THA Track Compl. ¶¶ 12, 14-16, ECF 1073. The unrevised plaintiffs did, however, indicate they had been advised to undergo revision, but had not been medically cleared for surgery. Herron Compl. ¶ 10; Kitchin Compl. ¶¶ 10, 15; Kitchin THA Track Compl. ¶ 12; Lawson Compl. ¶ 10.

The majority of cases in this MDL are now in the process of settlement. On July 24, 2023, Smith & Nephew filed a motion to dismiss without prejudice the unrevised plaintiffs' claims as not yet accrued. Mot. at 1-2. None of the plaintiffs has filed any response in opposition. The motion is now ripe for resolution.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[W]here facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

## ANALYSIS

Smith & Nephew argues that the unrevised plaintiffs' claims have not yet accrued because they have not undergone revision surgery and the MACC states "Plaintiffs' statute of limitation would have begun to run from the recall date in September 2015, or the date of his revision surgery, whichever is later." MACC ¶ 268. Smith & Nephew's position is that, under the plaintiffs' theory as pled in paragraph 268, a plaintiff must have undergone revision surgery to have a claim, because without revision the "later" of the two events triggering claim accrual has not occurred. Mot. at 5.

The court has recognized the plaintiffs' theory of accrual at prior stages in this litigation. *See* Mem. at 6 & n.6, ECF 2014.[4] Plaintiffs' counsel has reaffirmed paragraph 268's accrual theory several times. Hrg. Tr. at 34:3-4, ECF 921; Pls.' Opp'n to Mot. to Dismiss Certain Time-Barred Claims at 2, 4, ECF 853. All the unrevised plaintiffs adopted the allegations in the MACC, including paragraph 268, without exception. Herron Compl. ¶¶ 17-18; Kitchin Compl. ¶¶ 17-18; Kitchin THA Compl. ¶¶ 17-18; Lawson Compl. ¶¶ 17-18. Despite these repeated acknowledgments of paragraph 268's accrual theory and its ramifications, the unrevised plaintiffs have not identified any alternative theory of accrual. In the absence of contradiction after many years of litigation, the court accepts Smith & Nephew's unopposed argument that the

[4] Smith & Nephew asserts that the court's prior decisions dismissing plaintiffs' claims based on the alleged accrual date in paragraph 268 constitute the law of the case. Mot. at 6. Those decisions resolved a question of law involving the application of states' statutes of limitations and accepted the plaintiffs' accrual theory for that limited purpose. *See* Mem. at 25, ECF 2014 ("*For the purposes of the present case*, this date of injury would be, at the latest, the date of the revision surgery."). The court has not decided the actual date of accrual, and its prior rulings are not the law of the case on that question. *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988).

unrevised plaintiffs' claims have not yet accrued and are therefore subject to dismissal without prejudice.

**CONCLUSION**

For the reasons stated above, the court will grant Smith & Nephew's motion to dismiss the plaintiffs' claims without prejudice. A separate order follows.

9/5/2023
Date

/s/
Catherine C. Blake
United States District Judge